UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VU QUOC PHAM, | No. 1:25-cv-1873 DC AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondents. | |

Petitioner, an immigration detainee who is proceeding without a lawyer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with an application to proceed in forma pauperis. ECF Nos. 1, 2. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner has also requested the appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As set forth below, respondent is being ordered to show cause why the petition should not be granted in light of several district court decisions granting relief in similar instances. The court, therefore, does not find that the interests of justice would be served by the appointment of counsel at the present time

1 and the motion will be denied without prejudice to renewal at a later date.

2   The court has reviewed petitioner's petition for writ of habeas corpus. The issues raised therein appear substantially similar to those previously addressed by several district courts within the Ninth Circuit. See Khim v. Bondi, No. 2:25-cv-2383 RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17, 2025); Mayor Martinez v. Noem, No. 1:25-cv-1633 EFB (HC), 2025 WL 3650477 (E.D. Cal. Dec. 16, 2025); V.O. v. Noem, No. 1:25-cv-1796-TLN-JDP, 2025 WL 3636249 (E.D. Cal. Dec. 15, 2025); Azzo v. Noem, No. 3:25-cv-3122-RBM-BJW, 2025 WL 3535208 (S.D. Cal. Dec. 10, 2025). In those cases, the courts have granted relief in the form of temporary restraining orders and/or grant of the § 2241 petition. See Azzo v. Noem, 2025 WL 3535208 (granting § 2241 petition); Khim v. Bondi, 2025 WL 36553724 (same); Mayor Martinez v. Noem, 2025 WL 3650477 (granting temporary restraining order); V.O. v. Noem, 2025 WL 3636249 (same). Accordingly, respondents will be ordered to show cause by December 24, 2025, why the writ should not be granted. The response to the OSC shall plainly state whether there are any factual or legal issues in this case that, in the government's view, render it distinct from the rulings in the above referenced cases. Petitioner will be given an opportunity to reply on or before December 29, 2025.

  In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

3. On or before December 23, 2025, respondent is ORDERED TO SHOW CAUSE why the writ should not be granted. The response to the OSC shall plainly state whether there are any factual or legal issues in this case that, in the government's view, render it distinct from the rulings in Khim v. Bondi, No. 2:25-cv-2383 RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17, 2025); Mayor Martinez v. Noem, No. 1:25-cv-1633 EFB (HC), 2025 WL 3650477 (E.D. Cal. Dec. 16, 2025); V.O. v. Noem, No. 1:25-cv-1796-TLN-JDP, 2025 WL 3636249 (E.D. Cal. Dec. 15, 2025); Azzo v. Noem, No. 3:25-cv-3122-RBM-BJW, 2025 WL 3535208 (S.D. Cal. Dec. 10, 2025).

4. Petitioner may follow a reply on or before December 31, 2025.

1     5.  The Clerk of the Court shall serve a copy of this order together with a copy of
2  petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United
3  States Attorney.
4     6.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition,
5  respondent shall not transfer petitioner outside of this judicial district, pending further order of the
6  court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal
7  courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . .");
8  see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts
9  have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction
10 pending review of an agency's action").

DATED: December 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE