UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VU QUOC PHAM,

          Petitioner,

    v.

WARDEN, et al.,

          Respondents.

No.  1:25-cv-01873-DC-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

Petitioner Vu Quoc Pham (A-071-016-026), an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 10, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. ECF No. 15. Neither party filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and

1

by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 15) are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED as to petitioner's Fifth Amendment due process claim regarding revocation of release, and Fifth Amendment due process claims regarding the government's third-country removal program;

3. Respondents shall be IMMEDIATELY RELEASED Petitioner Vu Quoc Pham (A# 071-016-026) from ICE custody under the same conditions of release to which he was subject prior to his July 14, 2025, re-detention;

4. Respondents are ordered to provide Petitioner with a copy of the release order to provide at or near the time of release. If Respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those to Petitioner at the time of release;

5. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from seeking to revoke petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and the requirements of due Process;

6. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from removing petitioner to a third country unless Respondents adhere to the following procedures:

   a. Provide Petitioner a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

   b. If Petitioner demonstrates reasonable fear of removal to the third country, Respondents must move to reopen petitioner's removal proceedings; and

   c. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity and a minimum of fifteen days for Petitioner to seek reopening of his immigration proceedings.

7. Within three days from this order, Respondents shall file a notice of compliance confirming Petitioner's release from custody.

8.  The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:  __**March 26, 2026**__

_____
Dena Coggins
United States District Judge